UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARY COSGROVE,

      Plaintiff,                                 Civil Action No. 2:15-cv-11418

v.                                         Honorable Gerald E. Rosen
                                              Chief United States District
                                            Judge

CORRUNNA POLICE DEPARTMENT,
AND OWOSSO POLICE DEPARTMENT

      Defendants.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING COMPLAINT
WITHOUT PREJUDICE AND DENYING MOTION TO SUSPEND AS
MOOT**

I.

Before the Court is Plaintiff Cary Cosgrove's pro se civil rights complaint filed

pursuant to 42 U.S.C. § 1983. Plaintiff states that he is currently confined at the

Cooper Street Correctional Facility. Plaintiff has been granted leave to proceed

without prepayment of the filing fee for this action. In his complaint, Plaintiff names

the Corrunna Police Department and the Owosso Police Department as defendants.

Plaintiff's first complaint was illegible. His corrected complaint, filed at ECF No. 8,

alleges: 1) there were false allegations made against Plaintiff in police reports, 2)

1

police officers treated Plaintiff with brutality, 3) the Defendants failed to record Plaintiff's statements, and 4) Plaintiff was falsely charged. Plaintiff seeks a judgment reprimanding the police officers and seeks $75,000 in damages.

Having reviewed the complaint, the Court now dismisses it pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to name a proper defendant and for failure to state a claim upon which relief may be granted.

## II.

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to sua sponte dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was

deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. See *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996).

A pro se civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). A complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Rule 8 requires only that the complaint give the defendant fair notice of the claim and its supporting facts." *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 854 (6th Cir. 2001). Despite this relatively low threshold, a complaint must nevertheless contain more than legal labels, conclusions, and a recitation of the elements of a cause of action; it must also contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

III.

Plaintiff's complaint is subject to summary dismissal for two reasons. First, most of Plaintiff's claims attack the validity of the criminal proceedings that resulted in a conviction. In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held that a state prisoner does not state a cognizable civil rights claim

3

challenging his imprisonment if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. This holds true regardless of the relief sought by the plaintiff. *Id*. at 487-89.

*Heck* and other Supreme Court cases, when "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) — no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) — if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). The underlying basis for the holding in *Heck* is that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck*, 512 U.S. at 486. Plaintiff's claims regarding the Defendants' pursuing false allegations, failing to record his exculpatory statements, and falsely charging him, are all challenges to the validity of his conviction. For the Court to accept these claims it would demonstrate the invalidity of Plaintiff's confinement, contrary to *Heck*.

Next, it is well-settled that a police department is not a not a legal entity capable

4

of being sued, nor is it a "person" for purposes of a § 1983 action. "A suit against a city police department in Michigan is one against the city itself, because the city is the real party in interest." *Haverstick Enters. v. Fin. Fed. Credit*, 32 F.3d 989, 992, n.1 (6th Cir. 1994). See also MICH. COMP. LAWS § 92.1; *Laise v. City of Utica*, 970 F. Supp. 605, 608 (E.D. Mich. 1997) ("the police department is not a legal entity against whom a suit can be directed"); *Pierzynowski v. City of Detroit Police Dep't*, 941 F. Supp 633, 637 (E.D. Mich. 1996); *Moomey v. Holland*, 490 F. Supp. 188, 190 (W.D. Mich. 1980).

To the extent the complaint can be construed as a suit against the municipalities themselves, a city government is not responsible for "every misdeed of [its] employees and agents." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363 (6th Cir. 1993). A municipality is only liable when the custom or policy is the "moving force" behind the alleged deprivation of constitutional rights. *Bd. Of County Comm'rs v. Brown*, 520 U.S. 397, 404 (1997). In order to prove municipal liability, the Sixth Circuit requires a plaintiff to: (1) identify the municipal policy or custom, (2) connect the policy or custom to the municipality, and (3) show that his particular injury was caused by execution of that policy or custom. *Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005).

Plaintiff's complaint does not identify a policy or custom, connect any policy

to the city, or allege the requisite causal connection between any municipal policy or custom and the alleged violation of constitutional rights. *Id*. See also *Stemler v. City of Florence*, 126 F.3d 856, 865 (6th Cir. 1997); *Doe v. Claiborne County, Tenn.*, 103 F.3d 495, 507 (6th Cir. 1996).

Accordingly, the case is subject to sua sponte dismissal under 28 U.S.C. § 1915(e)(2)(B) because neither the of the named police departments are entities subject to suit and, even construing Plaintiff's complaint liberally, it does not state a claim against the corresponding municipalities.

Lastly, the Court notes that on June 18, 2015, Plaintiff filed a "Motion to Suspend." Dkt. No. 6. In the motion Plaintiff requests additional time to correct his filing deficiency regarding the legibility of his complaint. Plaintiff then filed his new complaint on July 2, 2015, a date that still fell within the time for correction outlined in the deficiency order. Accordingly, the Motion to Suspend is denied as moot.

IV.

For the reasons stated, the Court concludes that Plaintiff has failed state a claim upon which relief may be granted under 42 U.S.C. § 1983. Accordingly, the Court DISMISSES Plaintiff's civil rights complaint. This dismissal is without prejudice to the filing of a new complaint naming one or more proper defendants. The Court makes no determination as to the merits of any such complaint.

6

Lastly, the Court concludes that an appeal from this order would be frivolous and therefore cannot be taken in good faith. See 28 U.S.C. § 1915(a)(3); see also *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

IT IS SO ORDERED.


s/Gerald E. Rosen
Chief Judge, United States District Court

Dated:  July 13, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 13, 2015, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135